IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLORIA HERNANDEZ,<br><br>              Plaintiff,<br><br>vs.<br><br>F & F PROPERTIES, LLC, and XHEVDET GASHI,<br><br>              Defendants. | **8:16CV523**<br><br>**ORDER** |

Plaintiff filed this suit on December 1, 2016, naming F&F Properties, LLC d/b/a Roma Italian Restaurant ("F&F") and "Does 1-5" as defendants. ([Filing No. 1](#).) In response to the Complaint, Defendant F&F filed a Motion to Dismiss. ([Filing No. 8](#).) Plaintiff filed an Amended Complaint on January 6, 2017, naming Xhevdet Gashi as a defendant. ([Filing No. 14](#).) F&F's Motion to Dismiss was denied on January 9, 2017. ([Filing No. 15](#).) Xhevdet Gashi filed its Answer to the Amended Complaint on February 6, 2017. ([Filing No. 21](#).)

The Court entered a scheduling order on February 7, 2017, which directed the parties to file a Rule 26(f) Report by March 9, 2017. ([Filing No. 22](#).) The parties were subsequently granted an extension until April 11, 2017 to file the Report. ([Filing No. 25](#).) However, the Rule 26(f) Report was not filed until April 13, 2017. ([Filing No. 26](#).)

On April 14, 2017, F&F filed a "Third-Party Complaint" against Defendant Xhevdet Gashi. ([Filing No. 27](#).) There are several problems with this filing. First, Federal Rule of Civil Procedure 14, which governs third-party practice, states that a "defending party may, as third-party plaintiff, serve a summons and complaint on a *nonparty* who is or may be liable to it for all or part of the claim against it." [Fed. R. Civ. P. 14](#) (emphasis added). At the time the Third-Party Complaint was filed, Xhevdet Gashi was already a party to this action. Second, Rule 14 further provides that "the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." [Fed. R. Civ. P. 14](#). F&F has not filed an answer in this action, even though its responsive pleading deadline has long

passed. *See* Fed. R. Civ. P. 12(a)(4) (stating that a responsive pleading must be served within 14 days after the ruling on a motion to dismiss under Rule 12(b)(6)). Moreover, even assuming an answer had been timely filed, F&F's Third-Party Complaint would still be improper because F&F did not seek leave to file the Third-Party Complaint.

Accordingly,

IT IS ORDERED as follows:

1. The Clerk of Court is directed to strike F&F's Third-Party Complaint (Filing No. 27) from the record in this action. The Clerk is further directed to strike the issued summons. (Filing Nos. 28 and 29.)

Dated this 18th day of April, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge